## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| Cimarron Energy, LLC, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-19-369-G |
| | ) | |
| Newfield Exploration Mid-Continent, Inc. and | ) | |
| Encana Oil & Gas (USA) Inc., | ) | |
| | ) | |
| *Defendants*. | ) | |

## DEFENDANTS' MOTION TO DISMISS AND SUPPORTING BRIEF

Defendants Newfield Exploration Mid-Continent, Inc. and Encana Oil & Gas (USA) Inc., (individually, "Newfield" or "Encana" and collectively, "Defendants") move the Court under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss all claims asserted in Plaintiff's Petition for failure to state a claim upon which relief can be granted. Plaintiff's tort claims should be dismissed because they are time-barred by the applicable statute of limitations. The allegations in the Petition reveal that Plaintiff knew or should have known of its alleged injury in September 2015, but it waited until April 2019 to file suit. Therefore, Plaintiff's claims are untimely and should be dismissed.

In support of its motion, Defendants submit the following brief.

### Summary of the Petition

According to the Petition, Plaintiff is the operator of a vertical oil and gas well known as the "Alice Fisher #1-1" well, located in Section 1, Township 15 North, Range 8 West, Kingfisher County. Petition, Doc. #1-1, ¶ 6. The Petition alleges that Defendants are the "owners/operators" of a horizontal oil and gas well known as the "Franklin 1H-

1X" well, with a surface location in Section 12 and bottom-hole location in Section 1 of the same township-range. *Id.* ¶ 7. In September 2015, Defendants allegedly completed their Franklin 1H-1X well and performed hydraulic fracturing treatment during that process. *Id.* ¶ 8. The Petition further alleges that prior to completion of the Franklin 1H-1X well, Plaintiff's Alice Fisher #1-1 well "had an average monthly production of 106 barrels of oil, 319 barrels of water, and 1965 MCFG [thousand cubic feet of gas]." *Id.* ¶ 9. After Defendants completed the Franklin 1H-1X well, the Petition alleges that Plaintiff's Alice Fisher #1-1 Well experienced a decrease in production and "had minimal oil or water production and averaged 1569 MCFG." *Id.*

Plaintiff did not file their Petition until April 2, 2019, more than 1    years    after Defendants completed the horizontal well that allegedly caused Plaintiff's vertical well to suffer a decrease in production. The Petition asserts claims for trespass, nuisance, and negligence. *Id.* ¶¶ 10-12. For the reasons that follow, Plaintiff's claims are time-barred by the applicable two year statute of limitations. *See* 12 Okla. Stat. § 95(3).

## Argument and Authorities

### I.  Rule 12(b)(6) standard.[1]

To survive a 12(b)(6) motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

---

[1] Although Plaintiff's Petition was filed in state court, upon removal to this Court, the Federal Rules of Civil Procedure, and cases interpreting those rules, apply.  Fed. R. Civ. P. 81(c)(1); *see also McKnight v. Linn Operating, Inc.*, No. CIV-10-30-R, 2010 WL 9039794, at *1 (W.D. Okla. Apr. 1, 2010).

544, 570 (2007)).  "Factual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and "a formulaic recitation of the elements of a cause of action will not suffice."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (quotation omitted).  Although the Court must accept all well-pleaded factual allegations in a complaint as true when ruling on a motion to dismiss, the Court should disregard mere labels and legal conclusions that are masked as factual allegations.  *See Iqbal*, 556 U.S. at 678-79; *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). Further, "[a]lthough a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'"  *Gibson v. Parish*, 360 Fed. App'x 974, 977 (10th Cir. 2010) (unpublished) (citation omitted).

Plaintiff's claims fail to meet this standard and should be dismissed.

## II.    Plaintiff's claims for negligence, trespass, and nuisance are time-barred.

Federal courts sitting in diversity apply state statutes of limitations. *See Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 712 (10th Cir. 2005). The statute of limitations in Oklahoma for Plaintiff's claims, which are all tort-based claims, is two years.  *See* 12 Okla. Stat. § 95(3) (providing a two-year statute of limitations for "[a]n action for injury to the rights of others, not arising on contract."). A cause of action accrues, and Oklahoma's statute of limitations begins to run, when a claimant knows, or with reasonable diligence should know, of the existence of the claim. *See Calvert v. Swinford*, 382 P.3d 1028, 1033 (Okla. 2016); *Woods v. Prestwick House, Inc.*, 247 P.3d 1183, 1186 (Okla. 2011). When analyzing a statute of limitations and its discovery rule,

3

the Court should keep in mind that statutes of limitations represent "a legislative expression of a policy that prohibits litigants from raising claims after the expiration of a given period of time." *Calvert*, 382 P.3d at 1032. "Exceptions to statutes of limitations are strictly construed and are not enlarged on consideration of apparent hardship or inconvenience." *Id.* at 1033.

Plaintiff filed this action on April 2, 2019. Thus, Plaintiff's claims are untimely unless they accrued on or after April 2, 2017. Here, the Petition makes clear that Plaintiff's claims accrued in September 2015. The Petition alleges that "[o]n or around September 9, 2015 to September 19, 2015" Defendants' completion of their horizontal Franklin well "damaged" Plaintiff's vertical Alice well. According to the Petition, Defendants' hydraulic fracturing operation forced water fluids into the Franklin well "at pressures of thousands of pounds per square inch until the rock formations of the Vertical Well was fracked into and frack fluids and frack water were driven into the wellbore of the Vertical Well." Pet., ¶ 8. The Petition further alleges that Plaintiff's well experienced a decrease in production after Defendants completed the Franklin well. *Id.* ¶ 9. As a result, Plaintiff knew or should have known that its Alice well was allegedly damaged by Defendants' completion operations in September 2015.[2]

---

[2] There are no facts in the Petition from which it can plausibly be inferred that it took Plaintiff from September 19, 2015 until April 2, 2017 (the last day Plaintiff's claims could have accrued to be timely filed) to learn that its vertical well had been damaged. To the extent Plaintiff take the position that it did not know until after April 2, 2017 that its vertical well was damaged, Defendants submit the Petition fails to contain sufficient factual allegations to plausibly suggest that any damage to Plaintiff's Alice well is attributable to Defendants' completion of the Franklin well. Either way, Plaintiffs' claims should be dismissed under Rule 12(b)(6).

The Tenth Circuit has previously held that similar claims in a similar case are time barred in similar circumstances. *See Max Oil Co. Inc. v. Range Prod. Co. LLC*, 681 Fed. App'x 710 (10th Cir. 2017) (unpublished). In *Max Oil*, the plaintiff likewise asserted that the defendant's hydraulic fracturing of a horizontal well damaged the plaintiff's vertical well. The plaintiff asserted tort claims for negligence, trespass, nuisance, and conversion. There, as here, the plaintiff's vertical wells experienced a decrease in production following the defendant's completion activities. *Id.* at 714. The Tenth Circuit reasoned that because the petition alleged facts demonstrating the plaintiff "had a good reason to believe Range's drilling operations had encroached into the [plaintiff's well] and caused damage" more than two years before the plaintiff filed suit, the plaintiff's claims were time-barred. *See id.* at 715. Notably, the Tenth Circuit rejected the plaintiff's contention that its claims did not accrue until after it had eliminated all other potential causes of the impact on its well, reasoning "that is exactly what statutes of limitations are for—to allow the plaintiff adequate time to investigate, negotiate, and prepare to litigate while also preventing prejudice to defendant by delay." *Id.* at 714.

In this case, Plaintiff knew of its alleged injury in September 2015 when Defendants' completion operations allegedly damaged Plaintiff's vertical well. As explained in *Max Oil*, absolute certainty as to the cause of the alleged injury is not required to start the limitations clock running. The allegations in Petition make clear that Plaintiff knew enough to begin investigating its claim in September 2015. Thus, it should have filed suit no later than September 2017. *See* 12 Okla. Stat. § 95(3). Therefore, Plaintiff's claims are untimely and the Court should dismiss them.

## Conclusion

For the reasons stated above, the Court should dismiss all of Plaintiff's claims under Rule 12(b)(6) because they are untimely.

Submitted on May 1, 2019,

/s/ Patrick L. Stein
Timothy J. Bomhoff, OBA # 13172
Patrick L. Stein, OBA # 30737
MCAFEE & TAFT A Professional Corporation
Tenth Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, OK 73102
Tel. (405) 235-9621
Fax. (405) 235-0439
tim.bomhoff@mcafeetaft.com
patrick.stein@mcafeetaft.com

**Attorneys for Defendants Newfield Exploration Mid-Continent Inc. and Encana Oil & Gas (USA) Inc.**

## Certificate of Service

This certifies that on May 1, 2019, I caused a copy of the foregoing to be sent via U.S. Mail, postage prepaid, to the following:

Mark A. Haney
PULS HANEY LYSTER, PLLC
301 Commerce Street, Suite 2900
Fort Worth, TX 76102
**Attorney for Plaintiff**

Andrew E. Karim
HARRISON & MECKLENBEURG, INC.
202 North 6th Street, P.O. Box 658
Kingfisher, OK 73750
**Attorney for Plaintiff**

*/s/ Patrick L. Stein*
Patrick L. Stein